IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **OMEGA SPORTS, INC.,** | ) | Case No. 21-30160 |
| | ) | |
| | ) | |
| Debtor. | ) | |

## MOTION TO USE CASH COLLATERAL

Omega Sports, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), by this motion (the "Motion"), respectfully requests the entry of an interim order authorizing the use of cash collateral pursuant to sections 105, 361, 363 and 364 under Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure. In support of this Motion, the Debtor states as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for relief requested herein are sections 105, 361, 363 and 364 of the Bankruptcy Code and Bankruptcy Rule 4001.

### BACKGROUND

2. The Debtor is a North Carolina corporation which operates retail sporting goods stores throughout North Carolina. Currently, the Debtor operates seven stores located in Charlotte, Greensboro, High Point, Wilmington, Raleigh, and Winston-Salem.

3. The Debtor employs eighty-seven (87) employees, consisting of twenty-four (24) full-time, salaried employees, four (4) full-time, hourly employees, and fifty-nine (59) part-time, hourly employees.

4. The Debtor's assets primarily consist of inventory, equipment, furniture, fixtures and office equipment.

5. On March 25, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the United States Bankruptcy Code in this Court. The Debtor continues in possession of its properties and the management of its business as a debtor in possession pursuant to section 1182 of the Bankruptcy Code.

6. Upon information and belief, The Fidelity Bank ("Fidelity") is the Debtor's sole secured creditor based on the following loans made to the Debtor: (a) a commercial line of credit bearing loan number 1141228 ("Loan 1228"), and (b) a term loan bearing loan number 111141226 ("Loan 1226," and together with Loan 1228, the "Fidelity Loans").

7. As of the Petition Date the balance of Loan 1228 is approximately $1,256,625.00 and the balance of Loan 1226 is approximately $728,385.00. Upon further information and belief, Fidelity will assert a first lien on substantially all of the Debtor's assets including its inventory, equipment, and their proceeds securing the Loans.

8. Due to the emergency nature of this filing, counsel for the Debtor has not yet had a full opportunity to review all of the promissory notes, security agreements, and financing statements (the "Loan Documents") memorializing Fidelity's claims. For purposes of this Motion, the Debtor relies upon a presumption that the Loan Documents manifest properly perfected liens on substantially all property of the Debtor.

9. The Debtor reserves the right, for itself and for any other interested party with proper standing, to challenge the perfection of any such liens at a later date.

## RELIEF REQUESTED

10. Pursuant to this Motion, the Debtor seeks authority to use cash collateral as defined in 11 U.S.C. § 363 on an interim basis, to operate in the ordinary course of business. The Debtor proposes to use the cash collateral in accordance with a formal budget (the "Budget"), prepared by the Debtor, which is attached hereto as **Exhibit A**, and which assumes the accrual of ordinary course business and bankruptcy related expenses necessary to fund the Debtor's operations going forward. Because the amount and timing of all expenses cannot be predicted exactly, the Debtor proposes that it be considered in compliance with the Budget so long as the Debtor does not exceed the Budget by more than 10% per line item on a cumulative basis.

11. The Debtor requests a preliminary hearing on an emergency basis to approve this interim request pursuant to Bankruptcy Rule 4001(b)(2) and that a final hearing be set at least 14 days after the filing of this Motion.

## BASIS FOR RELIEF REQUESTED

12. Pursuant to section 363(c)(2) of the Bankruptcy Code, a debtor in possession may not use cash collateral without consent of the secured party or court approval. 11 U.S.C. § 363(c)(2). After notice and a hearing, the Court may approve a debtor's use of cash collateral without the secured creditor's consent, "to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Fed. R. Bankr. P. 4001(b).

13. In order for a court to authorize the use of cash collateral over a secured party's objection, the secured party's interest in the cash collateral must be adequately protected. In the

context of a cash collateral motion, the purpose of adequate protection is to protect the secured lender from a diminution in the value of its collateral during the period in which it is prevented from foreclosing upon such collateral by the automatic stay. *In re Delta Resources, Inc.*, 54 F.3d 722, 728-30 (11th Cir. 1995).

14. Courts have found a secured creditor adequately protected where either a sufficient equity cushion in the collateral exists to protect the secured creditor, or the level of the secured creditor's collateral is not decreasing over time. *In re Dynaco Corp.*, 162 B.R. 389, 394 (Bankr. D.N.H. 1993) (secured creditor was adequately protected and debtor was authorized to use cash collateral where level of collateral was not declining); *In re May*, 169 B.R. 462 (Bankr. S.D. Ga. 1994) (equity cushion in property may provide creditor with adequate protection of its interest, sufficient to permit the debtor to use cash collateral).

15. Fidelity has adequate protection against the diminution in value of its pre-petition collateral. Preliminarily, the use of cash collateral in the ordinary course of business, in and of itself, provides adequate protection in that it preserves the going concern value of the Debtor's business and, as a result, the value of the pre-petition collateral.

16. To further protect against diminution in the value of the pre-petition collateral, the Debtor proposes to provide Fidelity with replacement liens in post-petition assets to the same extent, validity and priority as existed pre-petition, for all cash collateral actually expended during the duration of the interim cash collateral order.

17. As additional adequate protection, the Debtor proposes to make the April 2021 monthly payments to Fidelity due pursuant to Loan 1226 and Loan 1228 at the non-default rate set forth in the Loan Documents.

18. Based on the foregoing, Fidelity's collateral position will be adequately maintained during the Debtor's use of cash collateral, especially during the short term period covered by the interim order herein requested. Thus, the Debtor submits that its use of cash collateral is proper pursuant to section 363(c)(2) of the Bankruptcy Code.

19. Moreover, the Debtor will suffer immediate and irreparable harm without the interim relief requested. In the absence of a court order authorizing the use of cash collateral, the Debtor will be unable to meet its operating expenses and will be forced to cease operations immediately, rather than reorganizing its business in order to maximize value for the bankruptcy estate and creditors.

20. Additionally, regular employee payroll is due on Wednesday, May 30, 2021 (this item is the subject of a separate pending motion to approve immediate payment of certain pre-petition wages), and other expenses require payment on a rolling basis throughout the month in order to ensure continued smooth operation of the Debtor. Without immediate access to cash, the Debtor's inability to pay such items would lead to a quick collapse of its business.

21. The value of the Debtor's assets and the collateral will deteriorate rapidly if the company is not permitted to access cash collateral. As a result, the Debtor's ability to fashion an effective plan to satisfy secured, priority, and other unsecured claims will be irreparably impaired.

22. Therefore, the Debtor requests that this Court grant it interim authority to use cash collateral in accordance with the Budget until a further hearing on the Motion can be scheduled pursuant to Bankruptcy Rule 4001. Without such authorization, the Debtor's efforts to reorganize and maximize creditor recoveries will be brought to a halt and the intent and purpose of chapter 11 will be frustrated.

23.     A proposed order granting the relief requested herein is attached as **Exhibit B**.

## NOTICE

22.     The Debtor has given notice of this Motion to (a) the Bankruptcy Administrator for the Western District of North Carolina, (b) the Debtor's twenty largest unsecured creditors, (c) Fidelity, and (d) those parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtor respectfully requests that the court grant the relief requested herein and such further and other relief as is just and proper.

Dated: Charlotte, North Carolina
       March 25, 2021

**MOON WRIGHT & HOUSTON, PLLC**

         */s/ Andrew T. Houston*
Andrew T. Houston (NC Bar No. 36208)
ahouston@mwhattorneys.com
Caleb Brown (NC Bar No. 41131)
cbrown@mwhattorneys.com
121 W. Trade Street, Suite 1950
Charlotte, North Carolina 28202
Telephone:    (704) 944-6560
*Counsel for the Debtor*

# Exhibit A

**Interim Cash Collateral Budget**

# Omega Sports, Inc

Monthly Cash Collateral Budget

| Period | APR |
|---|---|
| Date Range | 03/29 - 05/02 |
| Num of Weeks | 5 |
| | FCST |
| **INFLOWS** | |
| Cash Collections | 1,137,272 |
| | |
| **OUTFLOWS / DISBURSEMENTS** | |
| *Employee Related* | |
| Payroll & Other Benefits | (194,569) |
| Health Insurance | (13,500) |
| *Occupancy* | |
| Rent - Landlord Payments | (96,608) |
| Utilities / Tel | (28,272) |
| *Merchandise Related* | |
| Merchandise / Credit Card | (630,000) |
| Freight | (15,000) |
| *Marketing / Advertising* | |
| Traditional / Digital Advertising | (17,500) |
| Marketing Services & Promotions | (14,280) |
| *Other Accounts Payable* | |
| Sales Tax | (64,136) |
| Insurance | (6,750) |
| Bankruptcy Professionals | (30,000) |
| Interest / Bank Fee | (10,841) |
| All Other | (45,775) |
| Total Out Flows | (1,167,232) |
| **Change in Cash** | **(29,959)** |
| **Ending Book Balance** | **413,618** |

**Footnotes:**
1. Sales Forecast within cash collateral budget continues to be conservative due to COVID. Expecting to out-perform results as state mandated restrictions are lifted and consumer shopping behavior begins to change.
2. OSI has seen significant sales momentum over last 6-weeks, averaging over $223K per week in sales revenues. Prior trailing 6-week average was approx. $145K.
3. Above cash collateral budget includes a $14.7K utility deposit in April.
4. As notated above, April is a 5-week month and includes 3 payroll distributions.
5. Bankruptcy professionals incorporates costs related to the bankruptcy process including legal / attorney fees, financial advisors and sub-chapter V trustee.
6. Interest / Bank Fees includes daily Fidelity LOC interest payment as well as monthly Fidelity term loan payment.

# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **OMEGA SPORTS, INC.,** | ) | Case No. 21- |
| | ) | |
| | ) | |
| Debtor. | ) | |

**PROPOSED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §§ 361 AND 363 AND SCHEDULING FINAL HEARING**

On March 25, 2021, Omega Sports, Inc., (the "Debtor"), filed a *Motion to Use Cash Collateral* (the "Motion"). [Doc. __]. The Debtor requested that an expedited hearing be scheduled on the Motion to prevent immediate and irreparable harm to its business. The Motion seeks entry of an interim order (the "Interim Order") authorizing the use of Cash Collateral (as defined below) on a preliminary basis for the period commencing as of the date of the bankruptcy filing through the date of a final hearing on the Motion.

The Motion came before the Court on March __, 2021, for a hearing (the "Interim Hearing") on notice to all interested parties via ECF noticing, U.S. mail, electronic mail, and/or facsimile transmission. The notice provided is adequate and reasonable under the circumstances of this case. Based upon the evidence presented at the Interim Hearing, the Debtor's use of Cash Collateral on an interim basis in accordance with the terms and conditions set forth herein appears to be in the best interest of the estate and its creditors; accordingly, it is hereby **ORDERED** that:

1.   The Debtor may use Cash Collateral during the period beginning with the

filing of its bankruptcy petition and continuing through May 2, 2021 in the ordinary course of business for the expenses specified in the budget (the "Budget"), which is attached hereto and incorporated herein by reference as <u>Exhibit A</u>. The Debtor may use Cash Collateral only for ordinary and necessary business and bankruptcy related expenses consistent with the specific items and amounts contained in the attached budget; provided, however, that the Debtor may vary from the Budget by 10% per line item on a cumulative basis.

2. The Debtor shall not use, sell or expend, directly or indirectly, Cash Collateral or any proceeds, products or offspring thereof, except as authorized in this Interim Order.

3. The Debtor's authority to use Cash Collateral in accordance with the terms and conditions set forth herein shall terminate at 11:59 p.m. on May 2, 2021, unless the Court further authorizes the use of Cash Collateral at the Final Hearing on the Motion or upon mutual consent of the affected parties.

4. Because Fidelity[1] may have an interest in inventory and other assets of the Debtor and the proceeds therefrom (the "Cash Collateral") within the meaning of 11 U.S.C. § 363, which may be used by the Debtor in accordance with this Interim Order, Fidelity shall be granted adequate protection as set forth in paragraphs 5 and 6 below.

5. As adequate protection for Fidelity's interest in Cash Collateral, to the extent the Debtor uses such Cash Collateral, Fidelity is granted valid, attached, choate, enforceable, perfected and continuing security interests in, and liens upon post-petition assets of the Debtor of the same character and type actually used, to the same validity, priority and extent as the liens and encumbrances of Fidelity attached to the Debtor's assets pre-petition (the "Post-Petition Collateral"). Fidelity's security interests in, and liens upon, the Post-Petition Collateral shall have the same validity, priority and extent as existed between Fidelity, the

---

[1] Unless indicated otherwise herein, capitalized terms have the meanings assigned in the Motion.

MWH: 10691.001; 00024802.1                     9

Debtor, and all other creditors or claimants against the Debtor's estate on the Petition Date.

7. In addition, and as additional adequate protection, the Debtor shall make the April 2021 monthly payments to Fidelity due on Loan 1226 and Loan 1228 at the non-default rate set forth in the applicable Loan Documents.

8. This Interim Order is without prejudice to the rights of Fidelity or other creditors to seek additional adequate protection or other relief available under the Bankruptcy Code, and entry of this Interim Order is without prejudice to the rights of Fidelity or other interested parties to challenge or otherwise contest entry of a final order authorizing the use of Cash Collateral.

9. This Interim Order is also entered without prejudice to: (a) the claims, rights, and defenses that the Debtor and/or any other party in interest may have to challenge the nature, validity, priority or extent of the liens asserted by Fidelity; and (b) any and all claims, rights, and defenses Fidelity may assert in any action to challenge the nature, validity, priority or extent of the liens it may assert.

10. A final hearing on the use of Cash Collateral shall be held on April __, 2021 at ____, in the United States Bankruptcy Court, Charles Jonas Federal Building, Courtroom 1-_, 401 West Trade Street, Charlotte, North Carolina (the "Final Hearing").

10. Any party wishing to object to the relief granted herein being allowed on a final basis shall file such objection with the Court in accordance with the Local Rules of the United States Bankruptcy Court, together with proof of service thereof, showing service upon all interested parties, so as to be received no later than three (3) business days prior to the Final Hearing.

11. The Debtor is directed to serve a copy of this Order upon: (a) the Bankruptcy Administrator for the Western District of North Carolina, (b) the Debtor's twenty (20) largest unsecured creditors, (c) Fidelity, and (d) those parties requesting notice pursuant to Bankruptcy Rule 2002 within three (3) days after its entry and shall file a certificate of service specifying the manner and method of service.

**[EXHIBIT A FOLLOWS]**

| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order. | United States Bankruptcy Court |
|---|---|

MWH: 10691.001; 00024802.1                              11